UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal Number: 00-CR-28 (JMR/FLN)

United States of America,

Plaintiff

vs.

Jermaine Jackson,

Defendant.

Motion to Direct the Government to Supplement Its Answer under Rule 5(b); or to Direct the Expansion of the Record under Rule 7; or to Permit Discovery under Rule 6.

TO: Jeff Paulsen, Assistant United States Attorney, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, Minnesota 55415.

Now comes defendant, by counsel, and moves the court for the following relief:

1. Pending before the court is defendant's motion to vacate, set aside or correct sentence, brought under 28 U.S.C. § 2255.

2. Among the claims made in defendant's motion is that the government knowingly presented perjured testimony to a grand jury which returned the indictment against defendant.

3. Several of defendant's alleged coconspirators who testified at Jackson's trial provided testimony which pertained to Jackson before one or more grand juries preceding defendant's trial. (a) Danny Crumble testified before a grand jury in February, 2000. (b) Von Pledger first testified before a grand jury on August 3, 1999, and he testified a second time before a grand jury in February, 1999. (c) Ronald Jones first testified before a grand jury in June, 1999, which involved testimony of other co-defendants but not Jackson. Jones testified a second time before a grand jury in February, 2000, which testimony did pertain to Jackson. (d) Kevin Carroll appeared before a grand jury in February 2000.

4. It appears from trial counsel's questioning of some of these witnesses that the government disclosed parts or all of the transcripts of these witnesses's grand jury testimony to defendant's trial counsel. However, there are no docket entries which indicate that these disclosures were filed with the court.

5. Current counsel has requested copies of these transcripts from the government, from trial counsel, and from appellate counsel, all to no avail.

6. Without waiving any privilege, or disclosing any client confidences, current counsel can state that Mr. Jackson has had the opportunity to see and read some or all of these transcripts. Current counsel bases this conclusion on Mr. Jackson's ability to describe some of what he read from these transcripts.

7. Current counsel cannot engage in an informed discussion with Mr. Jackson about his claim of the government's knowing use of perjured grand jury testimony, anc he cannot make an informed legal assessment of that claim without access to these transcripts.

8. Various rules which govern section 2255 proceedings appear to provide the court with the authority to direct the government to provide current counsel with copies of these transcripts. Rules 5(b) and 7 provide for the supplementation or expansion of the record. Rule 5(b) authorizes the court to direct the government to supplement its answer by filing transcripts "whose existence the answer has indicated." The government's answer acknowledges certain grand jury testimony but complains that Mr. Jackson's allegations are too vague to permit more than a general response. Rule 7 authorizes the court to direct the expansion of the record by the parties "by the inclusion of additional materials relevant to the determination of the merits of the motion."

9. Rule 6 permits defendant to seek leave of court to conduct specified discovery. Should the aforementioned rules 5 and 7 be inadequate to the task, defendant seeks such leave to submit to the government a request for production of the following documents:

a. Transcript of the grand jury testimony of Danny Crumble, who testified before a grand jury in February, 2000.

b. Transcript of the grand jury testimony of Von Pledger, who first testified before a grand jury on August 3, 1999, and who testified a second time before a grand jury in February, 1999.

c. Transcript of the grand jury testimony of Ronald Jones, who first testified before a grand jury in June, 1999, and who testified a second time before a grand jury in February, 2000. And

d. Transcript of the grand jury testimony of Kevin Carroll, who testified before a grand jury in February 2000.

Wherefore, defendant requests, under the applicable rule or rules, that the government be directed to provide counsel for defendant copies of transcripts of the grand jury testimony listed in paragraph 9.

Dated: January 4, 2005

Respectfully submitted,

/s *Michael C. Davis*

Michael C. Davis
Attorney ID No. 20688X
332 Minnesota Street
Suite 1610 West
St. Paul, Minnesota 55101
Attorney for Defendant
(651) 222-4396