UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 00-28(6)(JMR/FLN)
Civil No. 03-58(6)(JMR/FLN)

| | |
|---|---|
| UNITED STATES OF AMERICA, Respondent, v. JERMAINE JACKSON a/k/a "MAIN", Petitioner. | OPPOSITION OF THE UNITED STATES TO JACKSON'S MOTION TO DIRECT THE GOVERNMENT TO SUPPLEMENT ITS ANSWER [ETC.] |

Two years after filing his section 2255 petition, Jackson has moved for discovery on the issue of whether any of Jackson's co-conspirators lied in the grand jury that indicted Jackson. Jackson alleged in his petition that perjury occurred, but provided not a single example.

The government responded by denying the allegation, but also pointing out that, even if it were true that any grand jury witness lied, Jackson was convicted after a jury trial in which all the witnesses testified in open court. The government also cited cases for the proposition that, as a matter of law, a defendant's conviction by a petit jury cures any grand jury impropriety, including perjury. United States v. Flores-Rivera, 56 F.3d 319, 327-28 (1st Cir. 1995); United States v. Cobleigh, 75 F.3d 242, 251 (6th Cir. 1996).

Without addressing this case law, Jackson's counsel says that he needs to review the grand jury testimony in order to assess whether Jackson's claim of perjury in the grand jury has any merit.

But since Jackson's grand jury claim fails as a matter of law, allowing discovery on this issue is unwarranted. Furthermore, if Jackson really thought his co-conspirators had lied in the grand jury, he had a full and fair opportunity to challenge those witnesses at trial when they testified against him. His then-counsel, Tom Shiah, had all the grand jury transcripts.

The government has a legitimate interest in not unnecessarily giving out grand jury testimony years after the fact. Jackson was affiliated with the Broadway Five Deuce Crips Gang. Many of the people who testified against him also were members of that same gang. The undersigned previously received a communication from the Bureau of Prisons expressing concern that Jackson was in possession of witness statements of his cooperating co-defendants in the institution. According to the Bureau of Prisons, possession and circulation of these types of materials within the institution, especially in these types of gang cases, is a security problem nationwide and reportedly has led to the murder of at least one inmate elsewhere.

Of course, some sort of protective order probably could be crafted to prevent disclosure directly to Jackson, but that would just create another problem of how Jackson's counsel would communicate with Jackson about these materials. In the government's view, there is no reason to even enter this thicket because Jackson's grand jury issue fails as a matter of law in

light of his conviction by a petit jury at trial. (As the Court will recall, Jackson's trial occurred only after Jackson had pleaded guilty, then withdrawn his guilty plea at the time of sentencing.)

For these reasons, Jackson's motion that the government provide grand jury transcripts should be denied.

Respectfully submitted,

Dated: January 5, 2005

THOMAS B. HEFFELFINGER
United States Attorney

s/Jeffrey S. Paulsen
BY: JEFFREY S. PAULSEN
Assistant U.S. Attorney
Attorney ID Number 144332