UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal Number: 00-CR-28 (JMR/FLN)

United States of America,

Plaintiff

vs.

Jermaine Jackson,

Defendant.

Reply to Government's Objection to Motion to Direct the Government to Supplement Its Answer under Rule 5(b); or to Direct the Expansion of the Record under Rule 7; or to Permit Discovery under Rule 6.

TO: Jeff Paulsen, Assistant United States Attorney, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, Minnesota 55415.

1. The government is objecting to defendant's request on a number of grounds, one of which appears to be a timeliness objection, noting that defendant commenced this proceeding some time ago. Present counsel was only recently appointed to represent defendant and has been working diligently to assess defendant's claims, which required acquisition of and familiarity with the record, including the grand jury transcripts which are the subject of this pending motion. Curiously, only now does the government specifically object to counsel's acquisition of these transcripts; heretofore, the government's position has been that counsel should seek to obtain them elsewhere.

2. This timeliness claim appears to dovetail with the government's rather speculative claim that should Mr. Jackson have these transcripts then prison security may either be compromised or placed in jeopardy. The government does not support this speculation with any information, such as an affidavit, that would be cognizable by this court in ruling on the motion.

3. The heart of the government's objection is based upon case law that a petit

jury verdict of guilt cures any and all grand jury irregularities. These cases are wide of the mark because defendant's claim is that the government knowingly presented perjured testimony to the grand jury by one or more of defendant's coconspirators in order to obtain an indictment.

4. The Eighth Circuit has observed that the "government is under a duty not to present perjured testimony to the grand jury knowingly…"United States v. Smith, 552 F.2d 257 (8th Cir. 1977). Both under the Fifth Amendment Due Process Clause, and under the supervisory powers of the federal courts, this Court may review such claims and grant appropriate relief. As a matter of constitutional law, the Ninth Circuit held that a defendant's Fifth Amendment Due Process rights are violated when he has to stand trial on an indictment which the government knows is based partially on perjured, material testimony. United States v. Basurto, 497 F.2d 781 (9th Cir. 1974). Although the Ninth Circuit would not now require a dismissal under such circumstances, the general proposition remains. United States v. Sitton, 968 F.2d 947 (9th Cir. 1992). Under its supervisory powers, the First Circuit held that a court will dismiss an indictment if there has been prosecutorial misconduct that actually biases the grand jury in performing its fact-finding function. United States v. Maceo, 873 F.2d 1 (1st Cir. 1989).

5. In the alternative, the government suggests that a protective order may be warranted. Again, however, the government has not presented any cognizable evidence to support utilization of such device.

Dated: January 7, 2005

Respectfully submitted,

/s Michael C. Davis
Michael C. Davis
Attorney ID No. 20688X

332 Minnesota Street
Suite 1610 West
St. Paul, Minnesota 55101
Attorney for Defendant
(651) 222-4396