UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal Number: 00-CR-28 (JMR/FLN)

United States of America,

Plaintiff

vs.

Jermaine Jackson,

Defendant.

Supplement to Mr. Jackson's Pro Se Motion to Vacate, Set Aside, or Correct A Sentence By A Person In Federal Custody; and Motion Either to Schedule Evidentiary Hearing or to Submit For Decision.

TO: Jeff Paulsen, Assistant United States Attorney, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, Minnesota 55415.

Now comes defendant, by counsel, and moves the court for the following relief:

1. Pending before the court is defendant's motion to vacate, set aside or correct sentence, brought under 28 U.S.C. § 2255.

2. The judgment of conviction which defendant challenged in his pro se motion and memorandum of law was entered by this Court on May 22, 2001.

3. This Court sentenced Mr. Jackson to serve two hundred forty (240) months in prison upon jury verdicts of guilty to conspiracy to distribute cocaine and cocaine base in violation of Title 21 United States Code § 841, and to the use of a communication device in furtherance of drug trafficking in violation of Title 21 United States Code, § 843(b).

4. Count One of the Superseding Indictment charged Mr. Jackson with conspiracy to distribute in excess of 5 kilograms of cocaine and in excess of 50 grams of cocaine base in violation of 21 U.S.C. 841(a)(1). The Superseding Indictment further charged Mr. Jackson under Count Ten with use of a telephone in furtherance of drug trafficking, in violation of 21 U.S.C. 843(b).

5. Upon pleas of not guilty to each count a jury convicted Mr. Jackson of both counts on April 11, 2001.

6. Mr. Jackson did not testify at any pretrial hearing or at trial.

7. Mr. Jackson appealed his conviction and sentence to the Eighth Circuit Court of Appeals, No. 01-2361. On appeal, Mr. Jackson, through counsel, raised two issues: the district court's denial of his request to waive a jury trial, and the admission of evidence of his prior conviction. On January 8, 2002, the Eighth Circuit affirmed Mr. Jackson's conviction and sentence. Mr. Jackson did not file a petition for certiorari in the United States Supreme Court.

8. Mr. Jackson has filed no other motions, petitions, or applications concerning the judgment of conviction in any court.

9. In his pro se motion and memorandum of law Mr. Jackson seeks post conviction relief upon the following grounds:

GROUND ONE: Appellate[1] Counsel was ineffective because counsel did not challenge the amount of drugs attributed to Jackson as relevant conduct.

SUPPORTING FACTS: As stated above, appellate counsel did not raise this issue on appeal. Mr. Jackson maintains, generally, that the quantity of drugs attributed to him, five kilograms, is not supported by the evidence adduced at his trial, and that the evidence did not establish a sufficiently expansive agreement to encompass the five kilograms of cocaine attributed to him. As a consequence, the failure to have raised this

[1]Mr. Jackson also alleged that trial counsel was ineffective for not challenging the quantity of drugs attributable to him as relevant conduct at his sentencing. However, the sentencing transcript establishes that trial counsel did object to the drug quantity, both and sentencing and in his Sentencing Memorandum.

issue on appeal denied him his Sixth Amendment right to the assistance of appellate counsel. Evitts v. Lucey, 469 U.S. 387 (1985).

GROUND TWO: Trial Counsel was ineffective because he did not object "to the prosecution's knowing use of perjured testimony before the grand jury." Further, Mr. Jackson maintains that the prosecutor knew of the perjured grand jury testimony but failed to inform either the grand jury or trial counsel about it. By knowingly using perjured testimony, the prosecutor committed prosecutorial misconduct, in violation of Mr. Jackson's Fifth Amendment right to due process of law.

SUPPORTING FACTS: Mr. Jackson maintains that the Assistant United States Attorney knew of the perjured grand jury testimony but failed to inform either the grand jury or trial counsel about it. During trial testimony, Danny Crumble admitted that he had not been "entirely straight" with agents during his first proffer. During his first proffer, another prosecution witness, Von Pledger, first denied knowing about seven ounces of cocaine that had been found in his apartment, but later acknowledged those drugs when confronted with them. Mr. Jackson maintains that had trial counsel adequately prepared for trial by investigation of these acknowledged lies that the credibility of Crumble and Von Pledger would have been diminished by a more effective cross examination.

GROUND THREE: Appellate Counsel was ineffective by not challenging the sufficiency of the evidence to support the phone count conviction.

SUPPORTING FACTS: The government introduced audiotapes of two intercepted telephone calls between Kevin Carol and Mr. Jackson. On one of the calls Carroll says that Mr. Jackson was going to sell some drugs for him. On the other call, Mr. Jackson is asking for a container in which to cook up some cocaine. Mr. Jackson

maintains that this proof amounts to no more than an inquiry about either the status or progress of a drug transaction, and thus does not establish how the telephone conversation(s) facilitated an act constituting a felony. United States v. Rivera, 775 F.2d 1559 (11th Cir. 1985). As a consequence there was insufficient proof of that element of the offense. Appellate counsel's failure to have raised this issue on appeal denied him his Sixth Amendment right to the assistance of appellate counsel. Evitts, supra.

WHEREFORE, Mr. Jackson asks that the Court grant the following relief:

1. Schedule this matter for evidentiary hearing;
2. Vacate the judgment of conviction and sentence;
3. Grant such other relief to which he may be entitled.

Dated: August 5, 2005

Respectfully submitted,

/s Michael C. Davis

Michael C. Davis
Attorney ID No. 20688X
332 Minnesota Street
Suite 1610 West
St. Paul, Minnesota 55101
Attorney for Defendant
(651) 222-4396