UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
00-CR-28(6)(JMR/FLN)
03-CV-58(JMR/FLN)

United States of America )
)
v. ) ORDER
)
Jermaine Jackson )

Jermaine Jackson petitions the Court for relief under 28 U.S.C. § 2255. The petition is hereby denied.

I. Background

Petitioner was charged with two counts of drug trafficking in a case resulting from a federal investigation of a street gang. He was charged with using a communication device in furtherance of a drug trafficking crime, and with conspiracy to distribute drugs, in violation of 21 U.S.C. §§ 843 and 846 respectively. Electronic surveillance (wiretap) was used in the investigation which led to two indictments. Petitioner was one of twelve defendants named in the second indictment.

Petitioner initially entered a plea of guilty to use of a communication device in furtherance of drug trafficking, the lesser of the two counts against him. His plea was the result of an agreement contemplating a sentence of eight years imprisonment. The sentencing guideline range for that count was much higher due to petitioner's prior felony drug conviction, pursuant to 21 U.S.C. § 843(d). On the day of sentencing, petitioner expressed a desire

to withdraw his plea. The Court cautioned him against doing so, and granted him three days to reconsider this decision. Petitioner was warned that, if found guilty of conspiracy at trial, he could face a sentence exceeding 20 years. When petitioner returned to Court, he persisted in his decision to withdraw his plea and the matter went to trial.

On May 22, 2001, a jury convicted petitioner of conspiracy to distribute cocaine and cocaine base. The jury returned a special verdict pursuant to Apprendi v. New Jersey, 530 U.S. 466 (2000), finding the relevant drug quantities to be in excess of five kilograms of cocaine and 50 grams of cocaine base. The jury also convicted petitioner of using a telephone in furtherance of drug trafficking. The Court sentenced petitioner to the statutory mandatory minimum of 20 years imprisonment.

Petitioner's conviction and sentence were affirmed on direct appeal by the Eighth Circuit Court of Appeals on January 8, 2002. Petitioner did not file a petition for a writ of certiorari.

Petitioner bases his § 2255 petition on a claim of ineffective assistance of counsel. He first asserts that his attorney failed to object to the prosecutor's knowing use of perjured testimony before the grand jury. Second, he claims appellate counsel failed to challenge the drug quantity attributed to him as relevant. Finally, he claims appellate counsel failed to challenge the sufficiency of the evidence used to support the phone count

conviction. Each claim fails.

## II. Discussion

Claims of ineffective assistance of counsel are analyzed under the two-part test announced in Strickland v. Washington, 466 U.S. 668 (1984). In order to prevail, petitioner must show: (1) "that counsel's representation fell below an objective standard of reasonableness," id. at 688; and (2) "but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

### A. Trial Counsel

Petitioner claims the prosecutor committed misconduct by knowingly using perjured testimony before the grand jury. Petitioner also claims his attorney's failure to object to the prosecutor's conduct rendered his representation inadequate. The Court finds that, beyond the mere assertion of the use of perjured testimony, petitioner wholly fails to specify the precise perjured testimony allegedly used. Petitioner similarly neglects to describe how the prosecutor or trial counsel would have known about the alleged perjured testimony. Such conclusory allegations are inadequate to show ineffective assistance of counsel. See e.g., Estes v. United States, 883 F.2d 645, 647 (8th Cir. 1989).

Even if the grand jury had used any perjured testimony, and the Court finds no competent evidence suggesting it did, the subsequent jury trial would have remedied the grand jury's

reliance. United States v. Flores-Rivera, 56 F.3d 319, 327-28 (1st Cir. 1995) (conviction by a petit jury cures any grand jury impropriety including perjury). For these reasons, petitioner has failed to show that his counsel's representation was unreasonable.

B. Appellate Counsel

Petitioner claims his counsel failed to appeal two specific trial errors, and that each failure denied him his Sixth Amendment right to the assistance of competent appellate counsel.

1. Amount of Drugs

Petitioner claims his appellate counsel failed to appeal the drug quantity attributed to him at trial. He argues that the evidence did not support the amount. This claim cannot be sustained.

The question of drug quantity was placed before the jury. The jury found beyond a reasonable doubt that petitioner's offenses involved five kilograms of cocaine. Trial counsel objected to the amount, and the Court overruled the objection based on both the jury's verdict and its own review of the evidence. As such, an appeal based on drug quantity would be unlikely to succeed. See, e.g., Allen v. Nix, 55 F.3d 414, 417 (8th Cir. 1995) (no ineffective assistance in counsel's failure to file motion that was unlikely to succeed).

2. Use of Telephone in Furtherance of Drug Trafficking

Petitioner claims he was prejudiced by his attorney's failure to challenge the sufficiency of the evidence to support the conviction of using a communication device in furtherance of drug trafficking. According to petitioner, the wiretap telephone transcripts amount to no more than an inquiry about the status or progress of a drug transaction. Petitioner claims this is insufficient to prove an element of the offense. United States v. Rivera, 775 F.2d 1559, 1562 (11th Cir. 1985) (an inquiry does not establish how telephone conversations facilitated an act constituting a felony).

Petitioner is incorrect. The jury instructions explicitly described the elements of the crime of use of a communication device in the furtherance of drug trafficking. It is enough if a defendant uses the telephone "with the intent to facilitate the commission of a controlled substance offense." Court's Instruction Number 18; see Eighth Circuit Manual of Model Jury Instructions § 6.21.843. Case law supports this instruction. See, e.g., United States v. Jones, 801 F.2d 304, 312 (8th Cir. 1986) (using telephone to arrange false alibi was in furtherance of drug conspiracy).

Beyond this, plaintiff neglects to consider that the intercepted wiretap conversations were not the sole evidence of petitioner's guilt presented to the jury at trial. Evidence also included corroborated testimony of several of petitioner's co-

conspirators who had previously pleaded guilty and agreed to cooperate.

The appeal issues petitioner claims his appellate counsel should have raised would have been futile because they were unlikely to succeed. The appeal issues would have been properly denied. As an ineffective assistance of counsel claim cannot be based on a failure to raise losing arguments, petitioner's claim fails. See Clemons v. Armontrout, 921 F.2d 187, 191 (8th Cir. 1990).

III. Certificate of Appealability

The Court has also considered whether it is appropriate to issue a Certificate of Appealability ("COA"). See Tiedeman v. Benson, 122 F.3d 518 (8th Cir. 1997). The Court concludes that no issue raised is "debatable among reasonable jurists." Flieger v. Delo, 16 F.3d 878, 883 (8th Cir. 1994) (citing Lozada v. Deeds, 498 U.S. 430, 432 (1991)). Petitioner has not, therefore, made the "substantial showing of the denial of a constitutional right" necessary for issuance of a COA. 28 U.S.C. § 2253(c)(2).

IV. Conclusion

Accordingly, based on the files, records, and proceedings herein, IT IS ORDERED that:

1. Petitioner's motion for relief pursuant to § 2255 [Docket No. 483] is denied.

2. No Certificate of Appealability will be issued.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: January 23rd, 2006

s/ JAMES M. ROSENBAUM
JAMES M. ROSENBAUM
United States Chief District Judge